UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH ALLARD, and
BENJAMIN GRAHAM,

    Plaintiffs,

v.

MICHIGAN HOUSE OF
REPRESENTATIVES,

    Defendant.
_____/

Hon. Gordon J. Quist

Case No. 1:15-cv-1259

CINDY GAMRAT,

    Plaintiff,

v.

EDWARD MCBROOM, et al.,

    Defendants.
_____/

Hon. Robert J. Jonker

Case No. 1:16-cv-1094

### NOTICE OF FINDINGS AND RECOMMENDATIONS REGARDING RELATED CASES

On December 7, 2015, Keith Allard and Benjamin Graham filed suit alleging violations of their constitutional rights, 42 U.S.C. § 1983, as well as several state-law claims. (Case No. 1:15-cv1259, ECF No. 1). Both men were employed as staff members to former State Representatives Todd Courser and Cindy Gamrat. Mr. Courser and Ms. Gamrat left office following allegations of official misconduct.[1]

---

[1] Ms. Gamrat was expelled by the House of Representatives, and Mr. Courser resigned prior to the House vote.

Plaintiffs Allard and Graham claim, among other things, that they were fired by Tim Bowlin, director of the House Business Office, and suffered other injury in retaliation for exercising their First Amendment rights, after they communicated their concerns about Mr. Courser and Ms. Gamrat to the leadership of the House of Representatives. They also claim to have suffered injury by the release of personal information in the House Business Office's Report on the Investigation of Alleged Misconduct by Representative Todd Courser and Representative Cindy Gamrat ("the House Business Office Report").

Cindy Gamrat, *pro se*, filed a complaint on September 8, 2016, against the Michigan House of Representatives, as well as a number of individuals, including Tim Bowlin. (Case No. 1:16-cv-1094, ECF No. 1). Ms. Gamrat claims that Mr. Bowlin denied her an adequate opportunity to review the 833-page House Business Office Report prior to the House Select Committee hearing, in violation of her Fourteenth Amendment due process rights. She also claims that she was defamed by statements contained in the House Business Office Report.[2]

---

[2] On the same date Ms. Gamrat filed her complaint, Mr. Courser filed a 182-page, 22-count complaint against the Michigan House of Representatives and a number of other entities and individuals, including Keith Allard, Benjamin Graham, and Tim Bowlin. (*Todd Courser v. Keith Allard, et al.*, Case No. 1:16-cv-1108, ECF No. 1 (*Courser*)). Mr. Courser claims, among other things, violations of his civil and constitutional rights, 42 U.S.C. §§ 1983, 1985, relating to the events leading to his resignation from the House of Representatives. The complaint cites *Keith Allard and Benjamin Graham v. Michigan House of Representatives*, Case No. 1:15-cv-01259-GJQ, as a related case. (*See Courser*, Case No. 1:16-cv-1108, ECF No. 1, PageID.2). After the undersigned judicial officer confirmed that the two cases are related, under W.D. MICH. LCIVR 3.3.1(d)(iii)(A), the *Courser* case was assigned to Judge Quist. (*Id.*, ECF No. 4).

Having reviewed the complaints in each of the above-captioned cases, I find that they fall within the ambit of the related case rule in that they "arise out of the same transaction or occurrence and involve[] one or more of the same parties."  W.D. MICH. LCIVR 3.3.1(d)(iii)(A).  Accordingly, I recommend that both cases be assigned to the same District Judge who is assigned to the earliest case; here, Judge Quist.  *See* W.D. MICH. LCIVR 3.3.1(d)(iii)(B).  I further recommend that Chief Judge Jonker issue an administrative order effecting the reassignment of *Cindy Gamrat v. Edward McBroom, et al.*, Case No. 1:16-cv-1094, to Judge Quist.

Date:  September 14, 2016
    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge