UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CINDY GAMRAT,

      Plaintiff,

v.

EDWARD MCBROOM, in his
individual capacity, et al.,

      Defendants.

_____/

Case No.  1:16-CV-1094

HON. GORDON J. QUIST

## MEMORANDUM ORDER DENYING DEFENDANTS' MOTION TO DISMISS

On September 8, 2016, Plaintiff Cindy Gamrat, a former Michigan State Representative who was expelled from the Michigan House of Representatives following an investigation into alleged misconduct while in office, filed a pro se complaint against Defendants Edward McBroom, Kurt Heise, Andrea LaFontaine, Rob VerHeulen, Tim L. Bowlin, and the Michigan House of Representatives, alleging a claim under 42 U.S.C. § 1983 for violation of her right to procedural due process, and state law claims for defamation.  Gamrat did not serve her complaint on Defendants within 90 days after she filed it, as required by Federal Rule of Civil Procedure 4(m).  On December 9, 2016—two days after the 90-day period expired—Defendants filed a motion to dismiss pursuant to Rule 4(m) for lack of prosecution. (ECF No. 5.)  On December 22, 2016, Gamrat, through newly-retained counsel, filed a response to Defendants' motion.  In her response, Gamrat stated that she seeks to file an amended complaint and requested an extension of time to file and serve her amended complaint.  (ECF No. 8.)  Defendants filed a reply on January 5, 2017, arguing that: (1) the Court should dismiss Gamrat's complaint pursuant to Rule 4(m) because Gamrat fails to demonstrate good cause; and (2) Gamrat's proposed amended complaint is frivolous under the standards imposed by Rule 11.  (ECF No. 9.)

> Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:
>
> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).[1] Whether good cause exists is a determination left to "the sound discretion of the district court." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994). The plaintiff bears the burden of showing good cause and "'why service was not made within the time constraints.'" *Cruse v. Gibson*, No. 1:10-cv-587, 2012 WL 1145861, at *3 (S.D. Ohio Apr. 5, 2012) (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). A plaintiff may demonstrate "good cause" by showing a reasonable and diligent effort to effect service. *Habib*, 15 F.3d at 74 (citing, among others, *Elec. Specialty Co. v. Road & Ranch Supply, Inc.*, 967 F.2d 309, 312 (9th Cir. 1992)). The Eleventh Circuit has said that "[g]ood cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal quotation marks omitted).

Although the Sixth Circuit has indicated that a court should construe Rule 4(m) leniently when a plaintiff is proceeding pro se, *Habib*, 15 F.3d at 74, Gamrat fails to demonstrate good cause. She states that she failed to serve Defendants because she was preoccupied with defending a state-court lawsuit against her by Keith Allard and Benjamin Graham and she was (and still is) going though a contentious divorce from her husband. Essentially, Gamrat argues that she was too busy with other matters to even attempt serving Defendants. This is not good cause. *See Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 355 (3d Cir. 2011) ("It is not enough for counsel to claim

---

[1] Rule 4(m) was amended as of December 1, 2016. However, the amendment did not alter the language of the rule that is pertinent to the Court's analysis of the instant motion.

2

that s/he is too busy to meet the deadline, has plans to be on vacation, wants more time to study the record, or was only recently added to the client's team of lawyers."); *In re Air Crash Disaster Near Brunswick, Ga. Apr. 4, 1991*, 158 F.R.D. 693, 699 (N.D. Ga. 1994) (stating that "allegations that an attorney is too 'busy' does not normally provide a sufficient basis for failing to effect service within the 120 day period"). In contrast, in *Habib*, the plaintiffs showed that their "physical maladies and infirmities" prevented them from effecting service and, therefore, constituted good cause. *Id.* at 73–75.

Even where a plaintiff fails to demonstrate good cause, a court has discretion to decide whether to dismiss the plaintiff's suit or to extend the time for service. *See Owens v. Riley*, No. 10-13428, 2012 WL 666668, at *1 n.1 (E.D. Mich. Feb. 29, 2012) (citing *Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 1643 (1996)). Considerations bearing on a court's exercise of discretion include whether a dismissal without prejudice would, in effect, amount to a dismissal with prejudice because the statute of limitations has or will run. *See Harper v. City of New York*, 424 F. App'x 36, 39 (2d Cir. 2011); *Boley v. Kaymark*, 123 F.3d 756, 758-59 (3d Cir. 1997) (noting that the Advisory Committee Notes to the 1993 Amendment make clear that a court may extend the time for service if, for example, the statute of limitations would bar a refiled action). In *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322 (E.D. Mich. 2001), the court cited the following list of factors that may inform a court's discretion under Rule 4(m):

> whether (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* at 326 (citing *Wise v. Dep't of Def.*, 196 F.R.D. 52, 57 (S.D. Ohio 1999)).

There is no indication that a significant extension of time is required or that an extension of time will prejudice Defendants, nor is there any question that Defendants had actual notice of the

3

instant lawsuit.  On the other hand, although Gamrat failed to make any effort to serve Defendants, a dismissal without prejudice could result in Gamrat's defamation claim being time-barred.  *See Volker v. Detroit Edison Co.*, 879 F. Supp. 67, 68–69 (E.D. Mich. 1994) (finding the plaintiff's defamation claim time-barred by Michigan's one-year statute of limitations).  Considering these factors, the Court concludes that a brief 30-day extension of time to effect service is warranted.

Regarding Gamrat's proposed amended complaint, the Court does not consider its merits as part of the decision whether to extend the time for service.  Pursuant to Rule 15(a)(1)(B), Gamrat is entitled to amend her complaint as of right "within 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Gamrat may thus file an amended complaint without leave of this Court after she serves her complaint on Defendants.  Accordingly, the Court will not address, at this time, whether Gamrat's proposed amended complaint complies with Rule 11.[2]

Therefore,

Defendants' Motion to Dismiss for Lack of Prosecution (ECF No. 5) is **DENIED**.

Plaintiff shall have **thirty (30) days** from the date of this Order to serve Defendants with a summons and a copy of the complaint.  No further extensions shall be permitted.

**IT IS SO ORDERED**.

Dated:  February 17, 2017               /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE

---

[2] The Court notes, however, that it is questionable whether Gamrat can state a viable procedural due process claim.  *See Burks v. Perk*, 470 F.2d 163, 165 (6th Cir. 1972) (per curiam) ("Public office is not property within the meaning of the Fourteenth Amendment.").