UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CINDY GAMRAT,

    Plaintiff,

v.

KEITH ALLARD; in his individual capacity;
BENJAMIN GRAHAM; in his individual capacity;
JOSHUA CLINE; in his individual capacity;
JOSEPH GAMRAT; MICHIGAN HOUSE OF
REPRESENTATIVES; KEVIN G. COTTER, in
his is individual capacity; TIM L. BOWLIN, in his
individual capacity; BROCK SWARTZLE in his
individual capacity; NORM SAARI, in his
individual capacity; EDWARD McBROOM, in his
individual capacity; HASSAN BEYDOUN, in his
individual capacity; DAVID HORR; and
VINCENT KRELL,

    Defendants.

Case No. 1:16-cv-1094

HON. GORDON J. QUIST

**Brief in Support of Plaintiff's Motion for Leave to File Supplemental Brief with Newly-Acquired Evidence**

---

Tyler E. Osburn (P77829)
Schenk Boncher & Rypma
Attorneys for Plaintiff Cindy Gamrat
601 Three Mile Road NW
Grand Rapids, MI 49544
616-647-8277

Cameron Evans (P47276)
Evans Law Group, P.C.
Attorney for Defendant Norm Saari
950 W. University Drive, Suite 102
Rochester, MI 48307
(248) 468-1485

Gary Gordon (P26290)
Jason T. Hanselman (P61813)
Dykema Gossett PLLC
Attorneys for Defendants Michigan House of
Representatives, McBroom, Bowlin, Cotter,
Swartzle, and Beydoun
Capitol View
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

H. Rhett Pinsky (P18920)
Sarah Riley Howard (P58531)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Defendants Keith Allard and Benjamin Graham
146 Monroe Center St NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496

---

**EXPEDITED CONSIDERATION REQUESTED**

On April 20, 2017, Defendants Michigan House of Representatives, Edward McBroom, Tim Bowlin, Kevin G. Cotter, Brock Swartzle, and Hassan Beydoun ("House Defendants") filed a Motion to Dismiss Plaintiff Cindy Gamrat's Amended Complaint and Brief in Support. (ECF Nos. 23, 24.) Gamrat filed her Brief in Opposition to the Motion to Dismiss on May 18, 2017, and House Defendants filed their Reply Brief on June 1, 2017. (ECF Nos. 32, 36.)

On June 20, 2017, Defendant Norm Saari filed a Motion to Dismiss and Brief in Support. (ECF Nos. 43, 44.) On the same day, Defendants Keith Allard and Benjamin Graham also filed a Motion to Dismiss and Brief in Support. (ECF Nos. 45, 46.) On July 18, 2017, Gamrat filed her Briefs in Opposition to the aforementioned motions. (ECF Nos. 49, 50.) Saari, Allard, and Graham filed their respective Reply Briefs on August 1, 2017 (ECF Nos. 51, 52.)

On January 22, 2018—while the motions described above were pending in this Court—former representative Todd Courser filed his Motion and Brief to Dismiss Based on Destruction of Evidence, Hiding Evidence, and Mishandling Evidence in the criminal case pending against him in the Lapeer County Circuit Court. In his brief and the attachments thereto, Courser made available publicly for the first time extensive evidence regarding the tampering of electronic devices that were assigned to him by the House of Representatives (the "House") <u>after</u> the date on which a "litigation hold" had been imposed by Defendants Cotter, Bowlin, and Swartzle, and <u>after</u> the electronic devices were seized by the House as part of the HBO investigation. In his brief and the attached reports, Courser also presented evidence that Gamrat's electronic devices—as well as devices assigned to Defendants Allard and Graham—had been tampered with after they had been seized by Cotter, Swartzle, and Bowlin.

On January 22, 2018, Gamrat filed Plaintiff's Supplemental Brief with Newly-Acquired Evidence in Support of Her Responses to Defendants' Motions to Dismiss. At the time of the

filing, the hearing on Defendants' motions to dismiss was scheduled to occur on January 25, 2018. Because of the close proximity to the hearing date and the recent revelation of the evidence supporting her claims against Defendants, Gamrat admittedly filed the supplemental brief without filing a motion requesting leave from this Court. Unbeknownst to Gamrat at the time, the motion hearing scheduled for January 25, 2018, was adjourned just three minutes prior to filing her supplemental brief. Had Gamrat known that the hearing had been adjourned while she was in the process of filing her brief prior to actually filing the brief, she would have taken the time to file a motion requesting leave in accordance with the local rules. This Court entered an order striking Gamrat's supplemental brief on January 24, 2018, because she did not seek leave to file the brief under the local court rules. (ECF No. 57.)

In the three weeks that followed, Gamrat sought the services of her own forensics expert to verify the information provided in support of Courser's brief. On February 20, 2018, Gamrat received an expert report from Neil Broom regarding one of the computers assigned to her that was seized by Cotter, Swartzle, and Bowlin on August 8, 2015.[1] Broom confirmed in his forensic analysis, among other things, that someone with an administrative password logged on to Gamrat's computer on August 10, 2015, plugged in a network cable, and allowed updates to run on the computer. These actions—which Broom described as either intentional or grossly negligent—allowed over 12,200 files to be modified or added on the computer, which constituted 12.6 GB of data.

On February 22, 2018, Gamrat received another expert report from Broom wherein he described the BitLocker that has been activated on the other two computers assigned to Gamrat

---

[1] The First Expert Report from Neil Broom, with attachments, is attached as **Exhibit 1**.

3

that were seized by Cotter, Bowlin, and Swartzle.[2] Only someone with an administrative login and password could have placed the BitLocker on the hard drives of the two computers, which has prevented any forensic analysis of these computers and has potentially destroyed the data on those computers.

The evidence above—which is described in more detail in the supplemental brief and the expert reports—shows that at the very least, the House, Cotter, Bowlin, and Swartzle were grossly negligent in allowing the destruction of electronic evidence after imposing a litigation hold on the computers and after seizing them.[3] Gamrat has shown the requisite good cause for this Court to grant her leave to file the supplemental brief because there was simply no way that Gamrat could have included the information contained in the supplemental brief and its attachments in either her complaint or her responses to Defendants' motions to dismiss because the information just came to light in the last several weeks and she just received her own expert's second report on the date of this motion. Similarly, discovery has not even started in this case and Gamrat has already discovered evidence showing that massive amounts of electronic data has been tampered with, altered, and potentially destroyed by the House and House Defendants. That alone should warrant a denial of Defendants' motions and, at the very least, shows that Defendants' motions requesting dismissal based on their allegations that Gamrat's claims have no reasonable basis are without merit in light of the fact that what little discovery Gamrat has been able to conduct has already lent support for her allegations. The law is also in her favor, as the Sixth Circuit has recognized that in situations involving the spoliation of evidence—such as

---

[2] The Second Expert Report from Neil Broom is attached as **Exhibit 2**.
[3] Plaintiff's Supplemental Brief with Newly-Acquired Evidence in Support of Her Responses to Defendants' Motions to Dismiss, with attachments, is attached as **Exhibit 3**.

4

this case—a party may be entitled to summary judgment or an adverse inference instruction. See, e.g., *Adkins v. Wolever*, 554 F.3d 650, 652-653 (6th Cir. 2009).

Gamrat also requests that this Court grant her request for expedited consideration of this motion given its proximity to the hearing on Defendants' motions to dismiss. Based on the foregoing information, Gamrat further respectfully requests that this Court grant her Motion for Leave to File Supplemental Brief with Newly-Acquired Evidence; accept the supplemental brief for filing and consideration before the hearing on Defendants' motions to dismiss; ultimately deny Defendants' motions after the hearing on March 5, 2018; and grant her any other relief that this Court may deem fair and proper.

Respectfully Submitted,

SCHENK, BONCHER & RYPMA

Dated: February 22, 2018     By:     /s/ Tyler E. Osburn
Tyler E. Osburn (P77829)
Attorney for Plaintiff
601 Three Mile Road NW
Grand Rapids, MI 49544
(616) 647-8277

S:\Clients\Gamrat - Bauer\USDC 16-1094\Brief in Support of P's Motion for Leave to File Supp Brief.docx