UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY GAMRAT,

                    Plaintiff,

v.

KEITH ALLARD, in his individual capacity;
BENJAMIN GRAHAM, in his individual
capacity; JOSHUA CLINE, in his individual
capacity; JOSEPH GAMRAT; MICHIGAN
HOUSE OF REPRESENTATIVES; KEVIN
G. COTTER, in his individual capacity; TIM
L. BOWLIN, in his individual capacity;
BROCK SWARTZLE, in his individual
capacity; NORM SAARI, in his individual
capacity; EDWARD McBROOM, in his
individual capacity; HASSAN BEYDOUN,
in his individual capacity; DAVID HORR;
and VINCENT KRELL,

                    Defendants.

Case No. 1:16-cv-01094

**Hon. Gordon J. Quist**

**DEFENDANT NORM SAARI'S BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL BRIEF WITH NEWLY ACQUIRED EVIDENCE**

Tyler E. Osburn (P77829)
Schenk Boncher & Rypma
Attorneys for Plaintiff Cindy Gamrat
601 Three Mile Road NW
Grand Rapids, MI 49544
(616) 647-8277

Gary P. Gordon (P26290)
Jason T. Hanselman (P61813)
Kyle M. Asher (P80359)
Dykema Gossett PLLC
Attorneys for Defendants Michigan House of
Representatives, McBroom, Bowlin, Cotter,
Swartzle, and Beydoun
Capitol View
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9100

Cameron Evans (P47276)
Evans Law Group P.C.
950 W. University Drive, Suite 102
Rochester, MI 48307-1887
Phone: (248) 468-1485
Email: cevans@evanslawgrp.com

## INTRODUCTION

On January 22, 2018, Plaintiff filed a supplemental brief in support of her Responses' to Defendants' respective Motions to Dismiss.  Dkt # 54.  On January 24, 2018, the Court *sua sponte* struck Plaintiff's supplement brief for failing to obtain leave of court.  Dkt # 57. Almost one month later, on February 23, 2018, Plaintiff filed a Motion for Leave to File a Supplemental Brief with Newly Acquired Evidence.  For the reasons that follow, this motion should be denied.

## ANALYSIS

As the Court noted in its January 24, 2018 Order, Western District of Michigan Local Rule 7.2(c) permits an opening brief by the movant, a response brief by the non-movant, and a reply brief by the movant.  This briefing was complete on August 1, 2017 – almost seven months ago - relative to the Motion to Dismiss filed by Defendant Norm Saari.

While the Local Rules allow this Court to permit or to require additional briefing, such briefing is inappropriate here as none of the alleged "newly acquired evidence" may be considered in connection with Defendant Saari's pending Motion to Dismiss.  Defendant Saari seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) based on immunity and Plaintiff's failure to state a claim.  The alleged "newly acquired evidence" has no bearing on Defendant Saari's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).  In addition, the only relevant inquiry with respect to Defendant Saari's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is whether Plaintiff's Amended Complaint contains factual allegations sufficient to "raise the right of relief above the speculative level."  Ashcroft, et al. v. Iqbal, et al., 556 U.S. 662, 677-78 (2009).  Plaintiff's suggestion in her Motion to File a Supplemental Brief that she only recently learned that computers were purportedly altered in an

alleged violation of a litigation hold has no bearing on Defendant Saari's Motion to Dismiss for failure to state a claim.[1]

## **CONCLUSION**

Accordingly, for the foregoing reasons, Defendant Norm Saari respectfully requests Plaintiff's Motion for Leave to File a Supplemental Brief with Newly Acquired Evidence be denied.

Respectfully Submitted,

EVANS LAW GROUP, P.C.

By:   /s/ Cameron J. Evans
      Cameron J. Evans (P47276)
950 W. University Drive, Suite 102
Rochester, MI 48307-1887
Phone: (248) 468-1485
Email:  cevans@evanslawgrp.com

Dated:  March 2, 2018                Attorney for Defendant Saari

---

[1] Further, Plaintiff's suggestion that adverse inferences or summary judgment in her favor are warranted is clearly premature.  Discovery has not even commenced in this matter, the contents of the computers used by Plaintiff have not been fully explored by the parties, nor has any determination been made as to whether any relevant information was lost for allegedly failing to comply with a litigation hold.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 2, 2018, I electronically filed the foregoing t Response to

Motion for Leave to File Supplemental Brief with Newly Acquired Evidence with the Clerk of the

Court using the ECF system which will send notification of such filing to all counsel of record.


<u>/s/ Cameron J. Evans</u>
Cameron J. Evans