UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY GAMRAT,

    Plaintiff,

v.                                                                                  Case No. 1:16-CV-1094

KEITH ALLARD, et al.,                                                HON. GORDON J. QUIST

    Defendants.
    _____/

## ORDER DENYING MOTION FOR RECONSIDERATION

On March 15, 2018, the Court entered an Order granting motions to dismissed filed by the House Defendants, Defendant Saari, and Defendants Allard and Graham. (ECF No. 66.) Plaintiff, Cindy Gamrat, has now filed a motion for reconsideration raising two issues. First, she argues that the Court should reconsider its dismissal of the wiretapping, eavesdropping, stalking, and conspiracy claims because "newly discovered evidence is being revealed every day in Todd Courser's criminal case." (ECF No. 70 at PageID.1380.)  Second, Gamrat argues that the Court committed palpable error in failing to address her claim that the House Defendants violated her right to fair and just treatment during the course of the legislative investigation, in violation of Article 1, § 17 of the Michigan Constitution.

Under this district's rules, a motion for reconsideration "which merely present[s] the same issues ruled upon by the Court shall not be granted." W.D. Mich. LCivR 7.4(a).  "The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof." *Id.*

First, regarding Gamrat's claim of newly discovered evidence in the Courser criminal case, the Court has revisited its analysis of Gamrat's allegations in her First Amended Complaint and concludes that it was neither based on, nor resulted in, a palpable defect. Now, as she did prior to the Court's ruling on the motions to dismiss, Gamrat argues that new evidence unearthed in the Courser case augments her wiretapping/eavesdropping, stalking, and conspiracy allegations in this case. But the discovery of new evidence is not germane to a motion to dismiss. "In deciding a motion to dismiss under Fed. R. Civ. P. 12(b), a court must consider the legal sufficiency of the complaint, not the weight of evidence which might be offered at trial." *Sawinski v. Bill Currie Ford, Inc.*, 866 F. Supp. 1383, 1385 (M.D. Fla. 1994). In the Court's judgment, Gamrat's allegations were insufficient to withstand a motion to dismiss. If Gamrat believes that she has new evidence that supports her claims, the proper vehicle to cure her deficient allegations is an amendment to her pleading. A motion for reconsideration is not a substitute for a motion for leave to amend that presents the proposed amended complaint. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906–07 (6th Cir. 2002).

Turning to the due process claim under 42 U.S.C. § 1983, the Court does not read Gamrat's motion as asserting a palpable defect in the Court's analysis of that claim. To the extent Gamrat requests the Court reconsider the dismissal of the § 1983 claim, the Court finds no error. Gamrat does not argue that the Court erred in concluding that the House Defendants are entitled to legislative immunity on that claim, and the Court adheres to its conclusion that qualified immunity applies because Gamrat failed to show that it was clearly established that she had a property interest in her public office. *See generally* Mark R. Fitzgerald, Comment, *Should Elected Officials Have a Property Interest in Their Positions?*, 1995 U. Chi. L. Rev. 365 (1995).

Gamrat correctly notes that the Court did not consider a claim that the House Defendants violated her right to fair and just treatment as guaranteed in Article 1, § 17 of the Michigan Constitution. Gamrat quoted that provision in paragraph 145 of her First Amended Complaint in Count I, which alleged, "Violation of Procedural Due Process under State and Federal Constitutions–42 U.S.C. § 1983." (ECF No. 20 at PageID.130.) In their opening brief, the House Defendants set forth in footnote 8 their understanding that Gamrat "has raised only a due process claim." (ECF No. 24 at PageID.263 n.8.) Although Gamrat quoted the "Fair and Just Treatment" clause of Article I, § 17 of the Michigan Constitution in her response (ECF No. 32 at PageID.387), she did not correct the House Defendants' understanding of her claim, nor did she discuss, let alone mention, *Jo-Dan Ltd. v. Detroit Board of Education*, No. 201406, 2000 WL 33416896 (Mich. Ct. App. July 14, 2000)—the case she now describes as "[t]he seminal case in Michigan regarding the Fair and Just Treatment Clause." (ECF No. 71 at PageID.1389.) Regardless, the Court would have dismissed the claim even if Gamrat had raised it. The Michigan Supreme Court has recognized a damages remedy under the Michigan Constitution only in limited circumstances—against the State of Michigan and its officials in their official capacities. *See Smith v. Dep't of Pub. Health*, 428 Mich. 540, 410 N.W.2d 749 (1987), *aff'd sub nom Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304 (1989). Any such claim in this case would face two problems. First, Gamrat sued the House Defendants only in their individual capacities—a point she emphasized in her response to the House Defendants' motion. Second, even if she had alleged such claim against the State of Michigan and the House Defendants in their official capacities, it would have been barred in this Court by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 1355–56 (1974). Accordingly, Gamrat has not demonstrated a palpable error.

Therefore, Gamrat's Motion for Reconsideration (ECF No. 70) is **DENIED**.

**IT IS SO ORDERED**.


Dated: April 24, 2018                                                         /s/ Gordon J. Quist
                                                                         GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE