UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY GAMRAT,

        Plaintiff,                      Case No. 1:16−cv−01094−GJQ−PJG

vs.                                     Hon. Gordon J. Quist

EDWARD MCBROOM, et al.,

        Defendants.
_____/

**JOINT STATUS REPORT**

      NOW COME the parties herein and submit the Joint Status Report as follows:[1]

      A Rule 16 Scheduling Conference is scheduled for May 10, 2018, 11:00 am, before Hon. Gordon J. Quist.  Appearing for the parties as counsel will be:

      Frederick J. Boncher in the place of Tyler E. Osburn, Schenk Boncher & Rypma, on behalf of Plaintiff Cindy Gamrat

      Brian E. Weiss, Vlachos & Vlachos, P.C., on behalf of Defendant Joseph Gamrat

      It is assumed that David Horr will appear in *pro per*

---

[1] Pursuant to the court's order, Plaintiff attempted to confer with all Defendants prior to the filing of this report.  Plaintiff and Defendants Gamrat and Horr held a telephone conference regarding this joint report on May 4, 2018.  However, Plaintiff made several prior attempts to contact Defendant Cline through his attorney via telephone and email, but Defendant Cline's counsel never responded prior to the telephone conference or prior to the deadline for filing this report. (See Emails and Notes, attached as **Exhibit 1**.)  After reviewing the joint status report, Defendant Horr contacted the undersigned and indicated that he would not be able to make it to the conference; he would attempt to have the conference rescheduled; and he could not at this time authorize the undersigned to sign his name to this report. (Emails, attached as **Exhibit 2**.)  Therefore, this joint status report is being filed under the signatures of Plaintiff and Defendant Gamrat only.

    It is assumed that Brian Dailey, Dailey Law Firm, P.C., will appear on behalf of Defendant Joshua Cline

1. <u>Jurisdiction</u>: The basis for the Court's jurisdiction is:

   This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 28 U.S.C. §1343; and 28 U.S.C. § 1367.

2. <u>Jury or Non−Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>:   The parties agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>: This case involves a lawsuit brought by Plaintiff alleging several causes of action against Defendants Keith Allard, Benjamin Graham, Joshua Cline, Joseph Gamrat, David Horr, Michigan House of Representatives, Kevin G. Cotter, Tim L. Bowlin, Brock Swartzle, Norm Saari, Edward McBroom, Hassan Beydoun, and Vincent Krell.  Defendant Krell was voluntarily dismissed from the lawsuit.  Defendants Allard, Graham, Michigan House of Representatives, Kevin G. Cotter, Tim L. Bowlin, Brock Swartzle, Norm Saari, Edward McBroom, and Hassan Beydoun all filed motions to dismiss Plaintiff's amended complaint.

   After a hearing on the matter, the court granted Defendants' respective motions to dismiss and dismissed all claims against the moving Defendants.  The court's order in that regard allowed Plaintiff's claims against Defendants Gamrat and Horr to proceed.  Plaintiff filed a motion for reconsideration, which was denied by the court.  Plaintiff then filed an application for entry of default against Defendant Cline as ordered by the court, but the application was denied as moot after Defendant Cline filed an answer and affirmative defenses before the Court granted Plaintiff's application.

   At this time, the remaining claims asserted against Defendants Gamrat, Cline, and Horr are for a violation of 18 U.S.C. § 2511 and Michigan's Eavesdropping Statutes; civil stalking; and civil conspiracy.

5. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

   Plaintiff has had several settlement communications with Defendant Joseph Gamrat, and it is possible that a settlement may be reached that would lead to the dismissal of this action against Defendant Gamrat.  There have been no settlement negotiations to date between Plaintiff and Defendants Cline or Horr.  It is anticipated that settlement negotiations will remain ongoing and appear likely to be fruitful.

6. <u>Pendent State Claims</u>: This case does include pendent state claims against Defendants for a violation of Michigan's Eavesdropping Statutes; civil stalking; and civil conspiracy.

7. <u>Joinder of Parties and Amendment of Pleadings</u>:  The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **June 15, 2018**.

8. <u>Disclosures and Exchanges</u>:

   (a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures:

   The parties shall make their initial disclosures under Rule 26(a)(1) on or before **June 15, 2018**.

   (b) The Plaintiff expects to be able to furnish the names of Plaintiff's expert witness(es) by **June 30, 2018**. Defendant expects to be able to furnish the names of defendant's expert witness(es) by **July 31, 2018**.

   (c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: **August 31, 2018**.

   (d) The parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by **November 9, 2018**. The parties recommend the following discovery plan:

   Discovery should be conducted in one phase. The limits on discovery set forth in the Rules of Civil Procedure should not be modified in this case. It is anticipated at this time that written discovery requests and depositions related to the elements of the remaining claims against the remaining Defendants should suffice.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>: The parties have discussed the production of electronically stored information and suggest that such information be handled as follows:

    It is unknown at this time whether any Defendant has any electronically-stored information. If it is determined that such information exists, then the information can be disclosed via flash drives or file sharing.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

    The parties do not believe that any assertion of privileged or work product immunity will be made by either side.

12. <u>Motions</u>: The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

   Defendant Joseph Gamrat anticipates filing a Motion to Dismiss pursuant to Fed. R.Civ. P. 12(b)(6), and/or a Motion for Summary Judgment after the close of discovery.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution:

>The parties agree to the submission of this case to voluntary facilitative mediation under W.D. Mich. L. Civ. R. 16.3. This mediation should take place toward the end of the discovery period in order to be effective.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately **3** days total, allocated as follows: __2___ days for plaintiff's case, __1___ day for defendants' case, __0___ days for other parties.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: None.

        SCHENK BONCHER & RYPMA

Date:  May 7, 2018    By:    */s/ Tyler E. Osburn*
        Tyler E. Osburn (P77829)
        Attorneys for Plaintiff

        VLACHOS & VLACHOS, P.C.

Date:  May 7, 2018    By:    */s/ Brian E. Weiss w/ permission by TEO*
        Brian E. Weiss (P51502)
        Attorneys for Defendant Joseph Gamrat

        DAILEY LAW FIRM, P.C.

Date:  May 7, 2018    By:    _____
        Brian Dailey (P39945)
        Attorneys for Defendant Joshua Cline

Date:  May 7, 2018    By:    _____
        David Horr, in *pro per*