UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY GAMRAT,

      Plaintiff,

v.

JOSHUA CLINE, et al.,

      Defendants.

_____

Case No. 1:16-cv-01094-PJG

HON. PHILLIP J. GREEN

## CASE MANAGEMENT ORDER

**IT IS ORDERED:**

| | | |
|---|---|---|
| Trial Date and Time | | APRIL 22, 2019<br>9:00 a.m. |
| Jury or Non Jury | | Jury |
| Estimated Length of Trial | | 3 days |
| Motions to Join Parties or Amend Pleadings | | JUNE 15, 2018 |
| Rule 26(a)(1) Disclosures | Plaintiff:<br>Defendant: | JUNE 30, 2018<br>JUNE 30, 2018 |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 26(a)(2)(A) | Plaintiff:<br>Defendant: | JULY 12, 2018<br>AUGUST 14, 2018 |
| Disclose of Expert Reports (Rule 26(a)(2)(B)) | Plaintiff:<br>Defendant: | SEPTEMBER 14, 2018<br>SEPTEMBER 14, 2018 |
| Completion of Discovery | | NOVEMBER 13, 2018 |
| Dispositive Motions | | DECEMBER 17, 2018 |
| **Interrogatories will be limited to:**<br>(Single Part Questions) | | 25 single part questions |
| **Depositions will be limited to:**<br>(Fact Witnesses Per Party) | | 10 per party |
| Requests for Admission will be limited to:<br>(Per Side) | | no limit |

| Requests for Documents: (Per Side) | | 25 per side |
|---|---|---|
| Settlement Conference | Date: Time: Before | None at this time |
| Final Pretrial Conference | Date: Time: | APRIL 5, 2019 2:00 p.m. |
| ADR To Take Place On Or Before: | | None at this time |

1. <u>TRIAL DATE AND SETTING</u>: This case is scheduled for trial as set forth above. Trial will be conducted before Magistrate Judge Phillip J. Green, 601 Ford Federal Building, 110 Michigan, NW, Grand Rapids, Michigan.

2. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3. <u>DISCLOSURES AND EXCHANGES</u>: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. <u>DISCOVERY</u>: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order

without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. <u>MOTIONS</u>:

   a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

   b. Dispositive motions shall be filed in accordance with W.D. Mich. LcivR 7.2 by the date set forth in the table above. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, only those excerpts which are relevant to the motion shall be filed.

   c. Motions in limine shall be filed no later than thirty days before the date of the Final Pretrial Conference. Responses to the motions shall be filed within fourteen days after service. The motions will be decided at the Final Pretrial Conference, unless the court schedules a special hearing date.

6. <u>ALTERNATIVE DISPUTE RESOLUTION</u>: No form of ADR will be ordered at this time.

7. <u>SETTLEMENT CONFERENCE</u>: The parties are under an ongoing obligation to engage in good faith settlement negotiations. No settlement conference has been scheduled at this time.

8. <u>FINAL PRETRIAL CONFERENCE</u>: A final pretrial conference is scheduled at the date and time set forth above.

9. PREPARATION OF PROPOSED FINAL PRETRIAL ORDER: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed seven (7) days prior to the final pretrial conference in the following form:

> A final pretrial conference was held on the ___ day of _____. Appearing for the parties as counsel were:
>
> > (List the counsel who will attend the pretrial conference.)
>
> 1) Exhibits: The following exhibits will be offered by the plaintiff and the defendant:
>
> > (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number. Plaintiff shall use numbers [1-99]; defendant shall use letters [A-Z]. Indicate with respect to each exhibit whether and for what reason its admissibility is objected to. Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial. Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown. See Fed. R. Civ. P 26(a)(3)(B).
>
> 2) Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:
>
> > (State in detail all uncontroverted facts.)
>
> 3) Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:
>
> > (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)
>
> 4) Witnesses:
>
> > A. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

>> (List names, addresses, and telephone numbers of all non-experts who will testify. Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the anticipated testimony of each non-expert witness. For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

> B. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

> (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts. Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript. Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

> It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except impeachment, if the opposing party objects. Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5) <u>Depositions and Other Discovery Documents</u>: All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

> (Designate portions of depositions by page and line number. Designate answers to interrogatories and requests for admissions by answer or request number. Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party. Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6) <u>Length of Trial</u>: Counsel estimate the trial will last approximately \_\_\_\_\_ days, total, allocated as follows: \_\_\_\_\_ days for plaintiff's case; \_\_\_\_\_ days for defendant's case; \_\_\_\_\_ days for other parties.

7) <u>Prospects of Settlement</u>: The current status of settlement negotiations is:

> (Indicate persons present during negotiations, progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action. Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and should be accompanied by his/her clients.

11. <u>PREPARATION FOR TRIAL</u>:

   a. Each party shall file the following not later than seven (7) days prior to the commencement of the trial:

      i. Proposed voir dire questions. The Court will ask basic voir dire questions. Counsel for the parties will be permitted to question prospective jurors. Questioning by counsel shall not be repetitive of questions asked by the Court or of questions asked in the juror questionnaire.

      ii. Trial briefs.

   b. The parties shall ***jointly*** file the following not later than seven (7) days prior to trial:

      i. Joint proposed jury instructions. The parties shall submit one joint set of instructions to the court and shall make every reasonable effort to agree on the substantive instructions stating the elements of the claims and defenses. This Court uses Western District of Michigan's Standardized Jury

Instructions for the preliminary and final instructions. A copy of these instructions is available on the Court's website (www.miwd.uscourts.gov). The court generally uses O'Malley, Grenig & Lee's *Federal Jury Practice and Instructions* for those not covered in the standard set.

(1)   Each instruction shall be submitted in full text, one instruction per page, in the order in which you propose they be given to the jury.

(2)   In addition to being electronically filed, the proposed instructions shall be submitted to the judge's chambers in an editable word processing format.

(3)   For standard instructions with the highlighted language or blanks, fill in the blanks and either delete the highlighting, leaving the language intact, or delete the highlighted language altogether, as applicable. No instruction submitted shall contain highlighting or blanks.

(4)   If you would like to change language on a standardized instruction, or submit additional instructions, you must indicate the source of the additional language or instruction.

(5)   Indicate objections, if any, to opposing counsel's proposed instructions, with a summary of the reason for each objection. Place each objection at the bottom of the specific instruction page.

ii.   A joint statement of the case and statement of the elements that must be proven by each party. If the parties are unable to agree on the language of a joint statement of the case, then separate, concise, non-argumentative

statements shall be filed. The statement(s) of the case will be read to the prospective jurors during jury selection. The elements that must be proven by each party will be included in the preliminary jury instructions.

**IT IS SO ORDERED.**


Dated:  May 14, 2018                           /s/ Phillip J. Green
                                               PHILLIP J. GREEN
                                               United States Magistrate Judge