UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CINDY GAMRAT,

    Plaintiff,

v.

JOSHUA CLINE, JOSEPH GAMRAT,
and DAVID HORR,

    Defendants.

Case No. 1:16-cv-1094

Hon. Phillip J. Green

| | |
|---|---|
| Tyler E. Osburn (P77829)<br>SCHENK, BONCHER & RYPMA<br>Attorneys for Plaintiff<br>601 Three Mile Rd. NW<br>Grand Rapids, MI 49544<br>(616) 647-8277 | Mark R. Dundon, of counsel<br>DAILEY LAW FIRM, P.C.<br>Attorneys for Joshua Cline<br>36700 Woodward Ave., Ste. 107<br>Bloomfield Hills, MI 48304 |
| Paul T. Vlachos (P39506)<br>Brian E. Weiss (P51502)<br>VLACHOS & VLACHOS, P.C.<br>Attorneys for Defendant Joseph Gamrat<br>5659 Stadium Drive<br>Kalamazoo, MI 49009 | David Horr<br>Defendant, In *Pro Per*<br>821 Sanborn St.<br>Port Huron, MI 48060<br>(810) 858-3287 |

## **Plaintiff's Rule 26(a)(1) Initial Disclosures**

    NOW COMES Plaintiff Cindy Gamrat ("Gamrat"), by and through her attorneys, Schenk Boncher & Rypma, and hereby provides her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Pursuant to Fed. R. Civ. P. 26(e), Gamrat reserves the right to supplement or amend these disclosures as more information becomes available during discovery.

1

I. **Individuals Likely to Have Discoverable Information That Gamrat May Use to Support Her Claims.**

1. **Plaintiff Cindy Gamrat**, c/o Schenk Boncher & Rypma, 601 Three Mile Rd. NW, Grand Rapids, MI 49544 – Gamrat will address all of the allegations and claims in her amended complaint.

2. **Defendant Joseph Gamrat**, c/o Vlachos & Vlachos, P.C., 5659 Stadium Dr., Kalamazoo, MI 49009 – Joseph Gamrat is expected to testify regarding the facts and defenses detailed in the amended complaint, answer, and discovery responses.  Due to his extensive involvement with Co-Defendants and with almost every aspect of Gamrat's claims, Joseph Gamrat can be expected to address virtually all relevant issues in this matter.

3. **Defendant Joshua Cline**, c/o Dailey Law Firm, P.C., 36700 Woodward Ave., Ste. 107, Bloomfield Hills, MI 48304 – Cline is expected to testify regarding the facts and defenses detailed in the amended complaint and answer.  This includes, but is not limited to, all allegations in the amended complaint, as well as his involvement with former and current Co-Defendants in this action.

4. **Defendant David Horr**, 821 Sanborn St., Port Huron, MI 48060 – Horr is expected to testify regarding the facts and defenses detailed in the amended complaint and answer. This includes, but is not limited to, all allegations in the amended complaint, as well as his involvement with former and current Co-Defendants in this action.

5. **Keith Allard**, c/o Pinsky, Smith, Fayette & Kennedy, LLP, 146 Monroe Center St. NW, Ste. 805, Grand Rapids, MI 49503 – Allard is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants.

6. **Benjamin Graham**, c/o Pinsky, Smith, Fayette & Kennedy, LLP, 146 Monroe Center St. NW, Ste. 805, Grand Rapids, MI 49503 – Graham is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants.

7. **Norm Saari**, c/o Evans Law Group, P.C., 950 W. University Dr., Ste. 102, Rochester, MI 48307 – Saari is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

8. **Kevin Cotter**, c/o Dykema Gossett PLLC, 201 Townsend St., Ste. 900, Lansing, MI 48933 – Cotter is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

9. **Brock Swartzle**, c/o Dykema Gossett PLLC, 201 Townsend St., Ste. 900, Lansing, MI 48933 – Swartzle is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

10. **Hassan Beydoun**, c/o Dykema Gossett PLLC, 201 Townsend St., Ste. 900, Lansing, MI 48933 – Beydoun is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

11. **Tim Bowlin**, c/o Dykema Gossett PLLC, 201 Townsend St., Ste. 900, Lansing, MI 48933 – Bowlin is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

12. **Edward McBroom**, c/o Dykema Gossett PLLC, 201 Townsend St., Ste. 900, Lansing, MI 48933 – McBroom is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants and his use of Gamrat's information that was obtained through illegal means.

13. **Vincent Krell**, c/o Miller Johnson, 100 W. Michigan Ave., Ste. 200, Kalamazoo, MI 49007 – Krell is expected to testify regarding the facts and defenses detailed in the amended complaint, including, but not limited to, his relationship and communication with Defendants.

14. **Todd Courser**, c/o DePerno Law Office, 951 W. Milham Ave., Portage, MI 49002 – Courser is expected to address virtually all issues in the amended complaint.

15. **Anne Hill**, contact information unknown – Hill is expected to testify regarding the surveillance of Gamrat and Hill's interactions and communication with Defendants while she worked in Gamrat's office.

16. **Karen Couture**, contact information unknown – Couture is expected to testify regarding the surveillance of Gamrat and Couture's interactions and communication with Defendants while she worked in Courser's office.

17. **Daniel Courser**, contact information unknown – Daniel Courser is expected to testify regarding his communications with the extortionist.

18. **Wendy Day**, contact information unknown – Day is expected to testify regarding her communications with the extortionist.

19. **Immanuel Eickholdt**, contact information unknown – Eickholdt is expected to testify regarding his communications with Allard, Graham, and Cline regarding the surveillance and sabotage of Gamrat.

20. **Steve McNeil**, contact information unknown – McNeil is expected to testify regarding his contact with Cotter and other leaders of the House of Representatives in June 2015 about audio and video that they had obtained of Gamrat.

21. **Representative Gary Glenn** – H-372 Capitol Building, Lansing, MI 48933 – Glenn is expected to testify regarding his contact with Cotter and other leaders of the House of Representatives in June 2015 about audio and video that they had obtained of Gamrat.

22. **Randy Bishop**, Michigan Broadcasters, LLC, P.O. Box 432, Elk Rapids, MI 49629 – Bishop is expected to testify regarding his knowledge of the extortion perpetrated against Gamrat.

23. **Detective Craig Gardiner**, Allegan County Sheriff's Office, 640 River St., Allegan, MI 49010 – Detective Gardiner is expected to testify regarding a meeting with Gamrat in or around October 2015 after a period of time when Joseph Gamrat became physical, was frequently shooting his gun at the gun range, and had admitted to Gamrat that he had thought about killing Courser. Gamrat met with Detective Gardiner to find out what her options were, as she was concerned with her safety.

24. **Employees of the Radisson Hotel Lansing at the Capitol**, 111 N. Grand Ave., Lansing, MI 48933 – Yet to be identified employees of the Radisson in Lansing are expected to testify regarding the unauthorized release of Gamrat's personal information and the surveillance and stalking of Gamrat by Joseph Gamrat while she was staying at the hotel.

25. Any current or former member of the Michigan State Police identified or involved with the preparation of the MSP Report.

26. Any other current or former member of the House of Representatives with information related to the allegations of the amended complaint.

27. Any other current or former member of the Speaker's office with information related to the allegations of the amended complaint.

28. Anyone associated in any way with the preparation of the HBO Report.

29. Anyone identified in the HBO Report.

30. Any witness identified by Defendants.

31. Any rebuttal witnesses.

**II.   Documents, Electronically Stored Information, and Tangible Things in Gamrat's Possession, Custody, or Control That May Be Used to Support Her Claims.**

1. All exhibits attached to any of the pleadings in this case.

2. Text messages, emails, and messages between Gamrat and Joseph Gamrat.

3. Text messages, emails, and messages between Gamrat and Cline.

4. Text messages, emails, and messages between Gamrat and Allard.

5. Text messages, emails, and messages between Gamrat and Graham.

6. Text messages between Joseph Gamrat and Krell.

7. Text messages between Joseph Gamrat and Allard.

8. Text messages between Joseph Gamrat and Horr.

9. Documentary evidence (deposition transcripts, memorandums, and other documents) used or produced during the pendency of the criminal charges against Gamrat.

10. Transcripts of MSP interviews with Defendants and others.

11. Various pleadings, motions, and other public documents filed by Courser in his criminal case.

**III.   Computation of Damages**

Gamrat is seeking the following damages in this action:

- Compensatory damages for back pay or damages for lost earnings in the amount she would have earned as a State Representative, with interest, from the date she was expelled through the end of her term.

- Compensatory damages sufficient to compensate her for her mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendants' actions.   This amount will be determined by the finder of fact at trial.

- Punitive damages against Defendants as a result of their intentional misconduct and engagement in wanton and willful misconduct. This amount will be determined by this Court at the conclusion of this case.

- An award of the costs and disbursements of this action, including reasonable attorney fees under Mich. Comp. Laws § 600.2954, in an amount to be determined by this Court at the conclusion of this case.

- Any other and additional legal or equitable relief to which Gamrat may be entitled.

**IV.   Insurance Agreements Liable to Satisfy All or Part of Any Possible Judgment**

Not Applicable.

**V.   Reservation of Rights**

Pursuant to Fed. R. Civ. P. 26(e), Gamrat reserves the right to supplement or amend these disclosures and object to the admissibility of any document or statement identified or contained in this disclosure or in Defendants' disclosures on all bases under the law.

Respectfully Submitted,

SCHENK, BONCHER & RYPMA

Dated: June 29, 2018        By:      /s/ Tyler E. Osburn
Tyler E. Osburn (P77829)
Attorney for Plaintiff
601 Three Mile Road NW
Grand Rapids, MI 49544
(616) 647-8277

s:\clients\gamrat - bauer\usdc   16-1094\rule 26(a)(1) disclosures.docx