UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CINDY GAMRAT,

    Plaintiff,

v.

JOSHUA CLINE, JOSEPH GAMRAT,
and DAVID HORR,

    Defendants.

Case No. 1:16-cv-1094

Hon. Phillip J. Green

| | |
|---|---|
| Tyler E. Osburn (P77829)<br>SCHENK, BONCHER & RYPMA<br>Attorneys for Plaintiff<br>601 Three Mile Rd. NW<br>Grand Rapids, MI 49544<br>(616) 647-8277 | Mark R. Dundon (P68614)<br>The Law Offices of Mark Dundon, PLC<br>Attorney for Joshua Cline<br>22655 S. Chrysler Drive<br>Hazel Park, MI 48030<br>(248) 790-3750 and<br><br>Brian T. Dailey (P39945)<br>DAILEY LAW FIRM, P.C.<br>Attorneys for Joshua Cline<br>36700 Woodward Avenue., Ste 107<br>Bloomfield Hills, MI 48304<br>(248) 744-5005 |
| Paul T. Vlachos (P39506)<br>Brian E. Weiss (P51502)<br>VLACHOS & VLACHOS, P.C.<br>Attorneys for Defendant Joseph Gamrat<br>5659 Stadium Drive<br>Kalamazoo, MI 49009 | David Horr<br>Defendant, In *Pro Per*<br>821 Sanborn St.<br>Port Huron, MI 48060<br>(810) 858-3287 |

**Brief in Support of Plaintiff's Motion to Voluntarily Dismiss Defendant Joseph Gamrat with Prejudice Under Rule 41(a)(2)**

1

Plaintiff and Defendant Joseph Gamrat reached a resolution of her case against him, and Plaintiff now seeks an order from this Court voluntarily dismissing Defendant Gamrat from this case with prejudice. Under Fed. R. Civ. P. 41(a)(1), Plaintiff attempted to effect the dismissal by preparing and circulating to all parties remaining in the case a stipulation to dismiss Defendant Gamrat with prejudice. Defendant Gamrat and Defendant David Horr agreed to the stipulation. However, Defendant Cline has not agreed, despite several attempts by the undersigned to procure his agreement.

Because she was unable to get all remaining defendants to agree to stipulate to dismiss Defendant Gamrat, Plaintiff is filing this motion and seeking an order from this Court under Fed. R. Civ. P. 41(a)(2) dismissing Defendant Gamrat with prejudice. Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). There is no reason not to grant this motion in this case, as Plaintiff and Defendant Gamrat have worked diligently through counsel to reach a resolution of her claims; Defendant Gamrat would suffer no unfair treatment or prejudice from the dismissal, as the parties actually agreed to the terms of the dismissal; no counterclaim has ever been filed; and Defendant Cline has not conducted any discovery to date related to this case. Plaintiff is asking this Court to exercise its judgment and enter an order dismissing Defendant Gamrat from this case with prejudice, as agreed upon between him and Plaintiff.

For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion to Dismiss Defendant Gamrat from this case under Rule 41(a)(2) with prejudice.

                                              Respectfully Submitted,

                                              SCHENK, BONCHER & RYPMA

Dated: October 3, 2018                By:     /s/ Tyler E. Osburn
                                                      Tyler E. Osburn (P77829)
                                                        Attorney for Plaintiff
                                                        601 Three Mile Road NW
                                                        Grand Rapids, MI 49544
                                                        (616) 647-8277

s:\clients\gamrat - bauer\usdc   16-1094\motion to dismiss joseph gamrat.docx