**1**

## Fwd: Requests Gamrat et al.

David [dhorr85097@aol.com]
**Sent:** Friday, October 26, 2018 8:42 AM
**To:** Horr, Dave (PH)

Sent from my iPhone

Begin forwarded message:

> **From:** David <dhorr85097@aol.com>
> **Date:** October 1, 2018 at 11:30:01 AM EDT
> **To:** David Horr <Dave.horr@domtar.com>
> **Subject: Fwd: Requests Gamrat et al.**
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** Tyler Osburn <tosburn@schenkboncher.com>
>> **Date:** September 17, 2018 at 4:04:23 PM EDT
>> **To:** David <dhorr85097@aol.com>
>> **Subject: RE: Requests Gamrat et al.**
>>
>> David,
>>
>> I apologize for the delay in getting back with you. I will treat your email from last week as a request for the production of documents and an interrogatory directed to my client. We will respond in the time set forth in Rules 33 and 34, which give us 30 days to answer your requests.
>>
>>
>> Tyler E. Osburn
>> Attorney
>> Schenk Boncher & Rypma
>> 601 Three Mile Rd. NW
>> Grand Rapids, MI 49544
>> Phone: (616) 647-8277
>> Fax: (616) 647-0958
>> www.schenkboncher.com
>>
>>
>> -----Original Message-----
>> From: David [mailto:dhorr85097@aol.com]
>> Sent: Monday, September 10, 2018 9:07 AM
>> To: Tyler Osburn
>> Subject: Requests Gamrat et al.

Fwd: Requests Gamrat et al. Page 2 of 2

Case 1:16-cv-01094-PJG   ECF No. 115-1 filed 11/01/18   PageID.1791   Page 3 of 10

Per the joint status and following the judges request that we are cordial with regard to information gathering and sharing, I'd like to request several things. In the spirit of being accommodating and not having to file for these I hope you're willing to provide them.

1. All of your clients (Cindy Gamrat's) cell phone records (texts, calls, all inclusive) from January 1, 2015 through October 1, 2015 in their entirety.

2. The specificity or reason you obtained my cell phone records as well as the method used to do so. Copies of those if you have them.

I appreciate your help. Hopefully you can assist with the requests. Please let me know one way or the other before I proceed. Thanks Tyler.

Respectfully,
David


Sent from my iPhone

[https://www.mail-signatures.com/articles/wp-content/themes/emailsignatures/images/facebook-35x35.gif]   Visit us on Facebook!

<https://www.facebook.com/SchenkBoncherRypma/>

Confidentiality Notice: This email message and any attachments are solely for the confidential use of the intended recipient. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message by mistake, please notify us immediately by return e-mail and promptly delete this message and any attachments from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message. Schenk, Boncher & Rypma, PC. Disclosure under Treasury Circular 230: The United States Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is such advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties

Fwd: Requests Gamrat et al. Page 1 of 3

Case 1:16-cv-01094-PJG  ECF No. 115-1 filed 11/01/18  PageID.1792  Page 4 of 10

## Fwd: Requests Gamrat et al.
David [dhorr85097@aol.com]
**Sent:** Friday, October 26, 2018 8:43 AM
**To:** Horr, Dave (PH)

Sent from my iPhone

Begin forwarded message:

> **From:** David <dhorr85097@aol.com>
> **Date:** October 18, 2018 at 7:32:56 PM EDT
> **To:** Tyler Osburn <tosburn@schenkboncher.com>
> **Subject: Re: Requests Gamrat et al.**
>
> It's been 38 days since my request and 31 days since your reply. I've received no response as of today. Your 30 days has elapsed per Rule 33 and 34. I am attaching a letter dated October 10, 2018. That letter was also mailed on October 17, 2018 via US Mail and potentially certified. I'm not certain which. That's the 30-day mark and has several more requests on it. Per the joint status, November 9th is the last day for discovery items. I look forward to hearing from you.
>
> Sincerely,
>
> David K. Horr
>
> <gps.docx>
>
> Sent from my iPhone
>
>> On Sep 17, 2018, at 4:04 PM, Tyler Osburn <tosburn@schenkboncher.com> wrote:
>>
>> David,
>>
>> I apologize for the delay in getting back with you. I will treat your email from last week as a request for the production of documents and an interrogatory directed to my client. We will respond in the time set forth in Rules 33 and 34, which give us 30 days to answer your requests.

Fwd: Requests Gamrat et al. Page 2 of 3

Case 1:16-cv-01094-PJG   ECF No. 115-1 filed 11/01/18   PageID.1793   Page 5 of 10

Tyler E. Osburn

Attorney

Schenk Boncher & Rypma

601 Three Mile Rd. NW

Grand Rapids, MI 49544

Phone: (616) 647-8277

Fax: (616) 647-0958

www.schenkboncher.com


-----Original Message-----

From: David [mailto:dhorr85097@aol.com]

Sent: Monday, September 10, 2018 9:07 AM

To: Tyler Osburn

Subject: Requests Gamrat et al.


Per the joint status and following the judges request that we are cordial with regard to information gathering and sharing, I'd like to request several things. In the spirit of being accommodating and not having to file for these I hope you're willing to provide them.

1. All of your clients (Cindy Gamrat's) cell phone records (texts, calls, all inclusive) from January 1, 2015 through October 1, 2015 in their entirety.

2. The specificity or reason you obtained my cell phone records as well as the method used to do so. Copies of those if you have them.

I appreciate your help. Hopefully you can assist with the requests. Please let me know one way or the other before I proceed. Thanks Tyler.

Fwd: Requests Gamrat et al. Page 3 of 3

Case 1:16-cv-01094-PJG   ECF No. 115-1 filed 11/01/18   PageID.1794   Page 6 of 10

Respectfully,

David


Sent from my iPhone

[https://www.mail-signatures.com/articles/wp-content/themes/emailsignatures/images/facebook-35x35.gif]   Visit us on Facebook!

<https://www.facebook.com/SchenkBoncherRypma/>Confidentiality Notice: This email message and any attachments are solely for the confidential use of the intended recipient. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message by mistake, please notify us immediately by return e-mail and promptly delete this message and any attachments from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message. Schenk, Boncher & Rypma, PC. Disclosure under Treasury Circular 230: The United States Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is such advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties

## Fwd: Automatic reply: Requests Gamrat et al.

David [dhorr85097@aol.com]
**Sent:** Friday, October 26, 2018 8:46 AM
**To:** Horr, Dave (PH)

Sent from my iPhone

Begin forwarded message:

> **From:** Tyler Osburn <tosburn@schenkboncher.com>
> **Date:** October 18, 2018 at 7:33:09 PM EDT
> **To:** David <dhorr85097@aol.com>
> **Subject: Automatic reply: Requests Gamrat et al.**
>
> I will be out of the office beginning on Wednesday, October 10, 2018, and I will be returning on Tuesday, October 23, 2018. I will do my best to return emails and phone calls as I am able, but if you have an urgent matter please contact Darcy Hager at (616) 647-8277 or via email at dhager@schenkboncher.com. Thank you.
>
> Tyler E. Osburn
> Attorney
> Schenk Boncher & Rypma
> 601 Three Mile Rd. NW
> Grand Rapids, MI 49544
> Phone: (616) 647-8277
> Fax: (616) 647-0958
> www.schenkboncher.com
>
> - Visit us on Facebook!
>
> Confidentiality Notice: This email message and any attachments are solely for the confidential use of the intended recipient. If you are not the intended recipient, please do not read this message or any attachments, and please do not distribute or act in reliance on this message. If you have received this message by mistake, please notify us immediately by return e-mail and promptly delete this message and any attachments from your computer system. The attorney-client and work product privileges are not waived by the transmission of this message. Schenk, Boncher & Rypma, PC. Disclosure under Treasury Circular 230: The United States Federal tax advice, if any, contained in this document and its attachments may not be used or referred to in the promoting, marketing or recommending of any entity, investment plan or arrangement, nor is such advice intended or written to be used, and may not be used, by a taxpayer for the purpose of avoiding Federal tax penalties

To: Tyler Osburn, Schenk Boncher & Rypma
cc: DDHorr file, DJHorr atty. file, KStout atty. file
re: Case No. 1:16-cv-01094-GLQ-PJG
Date: October 30, 2018

This will serve as my final request that your client has 30 days to give me answers to my interrogatory requests. It's been 49 days since my initial request, that you acknowledged that you received and would answer within 30 days (see your enclosed email).

I can and will request a dismissal of the case or a final judgment if your client does not provide me answers and documents to my requests.

I am enclosing multiple emails with regard to items I've requested as part of discovery to include your email response dated September 17, 2018 that states "you will treat your email from last week (initial email sent September 10, 2018 by me requesting documents also enclosed) as a request for the production of documents and an interrogatory directed to my client. We will respond in the time set forth in Rules 33 and 34, which give us 30 days to answer your requests". That 30-day window was October 11, 2018. I've received no such answers or documents.

Also enclosed is my second request as part of discovery, emailed and sent via US Mail (first class) on October 18, 2018, 38 days after my initial request that you have yet to provide. In response to my second request, I received an automated email (enclosed) stating you'd be out of the office beginning October 10, 2018 and be returning on Tuesday, October 23, 2018.

As of this letter, I have yet to receive any answers or documents I requested on September 10, 2018 and have yet to receive any acknowledgment from you on my second set of requests other than your automated email response dated October 18, 2018.

As part of the joint status requirements, your client is not being very forthcoming with the sharing of information or requests as they pertain to this case.

Respectfully,

David K. Horr

To:     Tyler E. Osburn, Schenk Boncher & Rypma
cc:     DDHorr file, DJHorr atty. file, KStout atty. file
Re:     Case No. 1:16-cv-01094-GLQ-PJG
Date:   October 10, 2018

Per the joint status report, dated and filed May 7, 2018 in US District Court Western District of Michigan, Southern Division, I am now mailing you several additional requests as part of discovery. I had previously emailed you several requests on September 10, 2018 (I have enclosed that email with your response, stating you have 30 days, thank you). As of this letter (I also sent this letter via email to you on October 10, 2018), I have not received your answers or information to those initial requests. In addition to those initial requests, I have several more.

The successful FOIA request, barring exemptions of course and/or the subpoena used to obtain my cell phone records

A complete list of your clients (Cindy Gamrat's) text messages between her and the burner phone xxx-xxx-xxxx, all her text messages between her and Todd Courser to include all deleted text messages on all her devices to include social media mediums (Facebook, Instagram, Snapchat, Facebook Messenger, etc.) from January 1, 2015 and December 31, 2015

A list of all cell phones numbers used by your client from January 1, 2015 through December 31, 2015

Any and all correspondence between your client and Brickhouse security and all other GPS tracking providers and/or services your client may have used

Complete list of GPS tracking devices used to electronically surveil and/or electronically track Joe Gamrat and anyone else that were provided to your client as well as who provided those devices

All correspondence between those parties regarding the GPS devices placed on Joe Gamrats vehicle

A list of all individuals that were electronically tracked by your client utilizing GPS devices or any other electronic or other means

Dates and times GPS tracking devices placed on Joe Gamrats vehicle as well as any other vehicles went "live" or "active/online" to begin tracking and those reports in their entirety

A list of all tracking devices, software, memberships or websites utilized to track Joe Gamrat using those GPS devices and the names that those accounts were registered under (family, sisters, etc.) as well as the IP addresses of the devices used to track him

Person or persons involved other than your client, known by your client who placed GPS devices under or in any vehicle and the dates those devices were placed

A list of all aliases used by your client to book and/or check-in to hotel rooms and the dates those names were used to check into hotels

Dates your client is available to be deposed

Hopefully this will indeed prove fruitful as I'll need this information to work on my successful defense. Per the joint status, the judge asked that we share information and are open in that regard "in the interest of conserving judicial resources, the parties acknowledge that the court will require the parties to participate in some form of alternative dispute resolution", as well as "counsel or pro se parties involved in the dispute shall confer in a good-faith to resolve the dispute".

You have answered one email with regard to possible dismissal thank you (also enclosed). I am not certain what settlement amount your client seeks because you have not initiated settlement talks yet. You made it clear that your client wasn't interested in settling unless it's "a significant settlement amount". To be clear, she'll entertain settlement discussions, IF it's significant?

I appreciate your time. Hopefully you can get the information I've requested together expeditiously.

Respectfully,

David K. Horr