UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINDY GAMRAT,　　　　　　　　　　　　Case No. 1:16-cv-1094

    Plaintiff,

　　　　　　　　　　　　　　　　　　　　Hon. Phillip J. Green

v.

JOSHUA CLINE　　　　　　　　　　　　**[Oral Argument Requested]**
and DAVID HORR,

    Defendants.

| | |
|---|---|
| Tyler E. Osburn (P77829)<br>SCHENK, BONCHER & RYPMA<br>Attorneys for Plaintiff<br>601 Three Mile Rd. NW<br>Grand Rapids, MI 49544<br>(616) 647-8277 | Brian T. Dailey (P39945)<br>DAILEY LAW FIRM, P.C.<br>36700 Woodward Ave., Suite 107<br>Bloomfield Hills, MI 48304<br>(248) 744-5005 |
| | David Horr<br>Defendant, In *Pro Per*<br>821 Sanborn St.<br>Port Huron, MI 48060<br>(810) 858-3287 |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)

**[Oral Argument Requested]**

# Table of Contents

Index of Authorities ..................................................................................................... ii

Statutes and Regulations ............................................................................................. ii

Introduction .................................................................................................................. 1

Statement of Relevant Facts ........................................................................................ 1

Law and Argument ...................................................................................................... 6

    I.       Legal Standard ............................................................................................ 6

    II.      Gamrat Is Entitled To Relief Because The Newly-Discovered Evidence Could Not Have Been Discovered Previously And The Evidence Is Material, Controlling, And Would Have Produced A Different Result Had It Been Discovered And Presented Prior To This Court's March 15, 2018 Order ........................................................... 7

    III.     Gamrat Is Entitled To Relief Because The Newly-Discovered Evidence Shows That Some Defendants In Prior Briefing Have Misrepresented Facts Or Made Deliberate Omissions Of Fact ......... 8

    IV.     Gamrat Is Further Entitled To Relief Because The Extraordinary Circumstances In This Case And The Sheer Amount of Information That She Has Uncovered Supporting Her Claims Warrant Relief Based On Substantial Justice ..................................... 9

Conclusion .................................................................................................................. 10

# Index of Authorities

## Cases

*Todd Courser v. Keith Allard, Benjamin Graham,
and Joshua Cline*, Case No. 1:18-cv-00874 ................................................................. 5

*Todd Courser v. Michigan House of Representatives et. al.*,
Case No. 1:18-cv-00882 ................................................................................................ 5

*Info-Hold, Inc. v. Sound Merch., Inc.*,
538 F.3d 448, 454 (6th Cir. 2008) ................................................................................ 6

*Good v Ohio Edison Co.*,
149 F.3d 413, 423 (6th Cir. 1998) ................................................................................ 7

*Davis v. Jellico Community Hosp., Inc.*,
912 F.2d 129, 136 (6th Cir. 1990) ............................................................................. 7,9

*Luna v. Bell*,
887 F.3d 290, 294 (6th Cir. 2018) ................................................................................ 7

*Info-Hold, Inc. v. Sound Merch., Inc.*,
538 F.3d 448, 456 (6th Cir. 2008) ................................................................................ 8

*Cincinnati Ins. Co. v Byers*,
151 F.3d 574, 578 (6th Cir. 1988) ................................................................................ 9

*McGuire v Warden, Chillicothe Corr. Inst.*,
738 F.3d 741, 750 (6th Cir. 2013) ................................................................................ 9

## Fed. R. Civ. P.

Fed. R. Civ. P. 60(b) ................................................................................................ 6,9

Fed. R. Civ. P. 59(b) ................................................................................................ 6,7

Fed. R. Civ. P. 60(b)(2), (3), (6) ........................................................................... 6,7,8,9

Fed. R. Civ. P. 59 ........................................................................................................ 7

## Michigan Statutes

MCL 600.2954 ............................................................................................................ 10

**Introduction**

- This Court entered an order on March 15, 2018, dismissing Defendants Keith Allard, Benjamin Graham, Norm Saari, the Michigan House of Representatives, Kevin G. Cotter, Tim L. Bowlin, Brock Swartzle, Edward McBroom, and Hassan Beydoun from this case as to all claims against them. The case continued against Defendants Joseph Gamrat, Joshua Cline, and David Horr.[1]

- During the litigation that ensued against the three remaining Defendants, evidence was uncovered that 1) could not have been discovered prior to this Court's March 15 order, and 2) is material and controlling and clearly would have produced a different result if presented before the aforementioned order.

- The newly-discovered evidence—which includes thousands of communications between Cline, Allard, and Graham, as well as the deposition testimony of Cline, Horr, and Joseph Gamrat—links these Defendants to several of the other dismissed Defendants; supports Gamrat's allegations of tortious actions contained in the First Amended Complaint; and indicates that statements made in prior briefing by Defendants may have been untruthful.

- As a result of this newly discovered evidence, Gamrat is respectfully requesting that that this Court 1) grant this motion in its entirety; 2) grant her Motion for Leave to File Second Amended Complaint; 3) deny Defendant Cline's Motion to Dismiss the Amended Complaint and accept the Second Amended Complaint for filing; and 4) grant her any other relief that this Court deems fair and proper.

**Statement of Relevant Facts**

It is important to remember that Gamrat has continuously been denied the opportunity to

---

[1] Gamrat and Joseph Gamrat reached a settlement of all claims and he has been dismissed from this litigation.

conduct any discovery whatsoever regarding most of the Defendants named in her First Amended Complaint. Therefore, her ability to gather relevant information has been hamstrung from the beginning, even in regard to the remaining Defendants because each Defendant in this case was inextricably linked. After the May 14, 2018, Case Management Order was entered, Gamrat became aware that there was information to which Todd Courser had access by way of his criminal case that could have been probative in this case and that Gamrat did not know existed and would not otherwise have been able to procure. However, due to a protective order entered by the judge in Courser's criminal case, Gamrat was not privy to all of the documents at that time.

The original deadline in the Case Management Order to file motions to join parties or amend pleadings was June 15, 2018. As a result of the knowledge of further documents that may have supported her case, Gamrat filed a Motion to Extend Deadline to File Motion to Amend Pleadings on June 15, 2018. Gamrat requested an additional 30 days to file a motion to amend, thinking at the time that the additional 30 days would be more than sufficient to allow her access to the information and still comply with the protective order.

On or about July 2, 2018, Courser's attorney filed Defendant's Reply to Responses to Motion to Disqualify Judge Holowka and for Stay Pending Decision on this Motion on Courser's behalf in his criminal case in Lapeer County. Attached to that motion—which was a public filing—were hundreds of pages of texts and messages between Cline, Allard, Graham, and other third parties that implicated them in the allegations made by Gamrat. The documents were public on that date. Gamrat's counsel received the filing and the attached documents on July 3, 2018.[2]

---

[2] The exhibits to Courser's July 2, 2018 filing are attached as **Exhibit 1**. It should be noted that Courser and his counsel have been working diligently in his criminal case to simply have access to the phones of Allard and Graham. After three years, Courser was finally able to get a court order that counsel for Allard and Graham release some texts and messages from their phones. Although their counsel has both phones in her possession, she has refused to release them.

These documents, among other things, showed that Cline, Allard, and Graham were working closely with Cotter and his office, including Saari and Swartzle; they were communicating with Joe Gamrat, other members of the House, Courser's family members, and Gamrat's family and friends; Cline, Allard, and Graham each had unauthorized access to Gamrat's passwords for email, social media, and other personal accounts after they were no longer employed by the House; Allard, Graham, and Cline knew that audio provided to the House had been altered, despite stating otherwise in the HBO Report; Allard, Graham, and Cline were secretly following Gamrat without her consent during work days; and Allard and Graham were systematically and comprehensively recording Gamrat and others without her consent.

At that point, based on the content of the information; the timing of the public filing; this Court's previous order; and the fact that this Court had not yet ruled on Gamrat's Motion to Extend, Gamrat made the decision to gather as much evidence as she could in order to support her claims and to truly determine 1) the necessity of a request to file a Second Amended Complaint, and 2) whether the evidence rose to the level of requiring Gamrat to file a motion for relief from judgment.

On July 13, 2018, Gamrat took the deposition of Joe Gamrat.[3] Incidentally, this Court also issued an order granting Gamrat's Motion to Extend Deadline to File Motion to Amend Pleadings on that date. This deposition was illuminating in that it revealed the depth of the involvement of Joe Gamrat in everything that transpired and his testimony and the documents, among other things, linked him not only to Horr and the extortion texts that were sent to Gamrat, but also to Allard, Graham, Cline, and other members of the House of Representatives. Joe Gamrat was less than cooperative during his deposition.

---

[3] The deposition transcript of Joseph Gamrat is attached as **Exhibit 2.**

On August 22, 2018, Gamrat took the deposition of David Horr.[4] This deposition was illuminating as well because Horr's testimony and the documents showed, among other things, that he sent the extortion texts from a phone purchased by Joe Gamrat; he sent the extortion texts based on information received from Joe Gamrat; and the phone used to send the extortion texts—over which Horr had exclusive use and control—contacted Gamrat's legislative office, news outlets, and other third parties. Horr was also less than cooperative during his deposition, giving conflicting answers and conveniently failing to remember much of anything.

On November 7, 2018, Gamrat took the deposition of Joshua Cline.[5] This deposition was incredibly enlightening. Among other things, Cline's testimony and the documents revealed the following information:

- Allard, Graham, and Cline were experienced and savvy political insiders—certainly not the young and naïve political newbies that counsel for Allard and Graham attempted to portray in their motion to dismiss;

- Cotter and his staff had a contentious relationship with Gamrat;

- Saari had several meetings with Allard, Graham, and Cline, and told them in no uncertain terms that they work for the Speaker first;

- Cline saw it as his duty as a member of Cotter's staff first to give him and his staff information regarding Gamrat;

- Cline was providing information regarding Gamrat to several members of Cotter's staff;

- Cline received a severance package when he resigned;

- Saari and another member of Cotter's staff offered to help Cline find other employment during that time period;

---

[4] The deposition transcript of David Horr is attached as **Exhibit 3**.
[5] The deposition transcript of Joshua Cline is attached as **Exhibit 4**.

4

- Cline had unauthorized access to Gamrat's email and personal accounts—some of which was provided by Allard and Graham—after he resigned from his position;
- The infamous recording made by Graham of Courser—and of Gamrat's private conversation with Courser—in Courser's office was edited before it was turned over to the House Business Office and used as part of the House's efforts to expel Gamrat;
- One member of Cotter's staff had told Cline to keep her posted on all fronts; and
- Cline saw the extortion texts and, while he was not the one sending the texts, he knew that information he was providing Joe Gamrat was getting directly to the extortionist.

On December 28, 2018, Courser filed Plaintiff's First Amended Complaint and Jury Demand in the case of *Todd Courser v. Keith Allard, Benjamin Graham, and Joshua Cline*, Case No. 1:18-cv-00874 in this Court. (PageID.172.) On the same date, Courser also filed Plaintiff's First Amended Complaint and Jury Demand in the case of *Todd Courser v. Michigan House of Representatives et. al.*, Case No. 1:18-cv-00882 in this Court. (PageID.390.) Each of the filings contained over 1,500 pages of exhibits, many of which are relevant to Gamrat's claims. In fact, Gamrat has been hamstrung in her efforts to conduct discovery into many of her claims, but Courser has had some limited success in his criminal case in uncovering information. And the mountain of documents attached to these filings—which Gamrat incorporates into this motion to the extent that they pertain to the allegations in her Amended Complaint and Second Amended Complaint—contain documents that were not, to Gamrat's knowledge, ever attached to another filing but that support her claims nonetheless. For example, Exhibits 51 through 59 attached to the filing in Case No. 1:18-cv-00874 are emails between Allard and Chad Livengood referencing many audio clips and recordings, as well as Cotter.[6] Of course, these emails corroborate the

---

[6] These exhibits have been attached to this brief as **Exhibit 5**. They are PageID.1733 through

5

dozens of texts and messages between Allard, Graham, and Cline referencing recordings and referencing their involvement with Cotter and his staff. These are communications that Gamrat simply could not have procured at any time in this litigation. The existence of the documents attached to the above-referenced filings further demonstrates the need for this Court to grant the relief requested in this motion.

## Law and Argument

### I. Legal Standard

Rule 60(b) sets forth the legal standard that a party must meet in order to obtain relief from a final order. Specifically, the court may relieve a party or its legal representative from a final order for the following reasons that are relevant to this case:

- Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

- Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; and

- Any other reason that justifies relief.

Fed. R. Civ.P. 60(b)(2), (3), (6). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

The evidence described above and attached to this brief is new evidence that no amount of due diligence would have allowed Gamrat access prior to this Court's March 15, 2018 order. Further, the evidence shows a number of the assertions made by some of the Defendants in prior briefing were misrepresentations. At the very least, the discovery of this evidence and its nature should lead this Court to grant Gamrat's motion in the interests of substantial justice.

---

PageID.1754 in Case No. 1:18-cv-00874.

**II. Gamrat is entitled to relief because the newly-discovered evidence could not have been discovered previously and the evidence is material, controlling, and would have produced a different result had it been discovered and presented prior to this Court's March 15, 2018 Order.**

Rule 60(b)(2) states that a party may move for relief from a final judgment, order, or proceeding on the basis of newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). In order to succeed on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998). Newly discovered evidence for motions under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed at the time of trial. That rationale applies equally to cases such as this one where final judgment has been entered. *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990). The evidence cannot be merely impeaching or cumulative. *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018).

The evidence referenced above and attached to this brief is not simply impeaching and not cumulative. Instead, the evidence is directly probative with regard to Gamrat's allegations, and it provides the connection between Allard, Graham, and Cline and the House Defendants, Joe Gamrat, and Horr. In other words, it directly supports the allegations still remaining in Gamrat's case, as well as some of the counts that have been dismissed against certain Defendants, and it would have moved the needle for this Court on Gamrat's claims from speculative to plausible and, in many cases, probable. Therefore, Gamrat respectfully requests that this Court grant her requested relief on account of this newly-discovered evidence.

**III. Gamrat is further entitled to relief because the newly-discovered evidence shows that some Defendants in prior briefing have misrepresented facts or made deliberate omissions of fact.**

Rule 60(b)(3) allows a district court to grant relief in cases of fraud, misrepresentation, or misconduct by an opposing party. For purposes of evaluating Rule 60(b)(3) motions, fraud is the knowing misrepresentation of a material fact, <u>or concealment of the same</u>, when there is a duty to disclose, done to induce another to act to his or her detriment. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008). Fraud thus includes <u>deliberate omissions</u> when a response is required by law or <u>when the non-moving party has volunteered information that would be misleading without the omitted material</u>. *Id.* Accordingly, to establish grounds for relief under Rule 60(b)(3), the moving party need not demonstrate that the adverse party has committed all the elements of fraud specified in the law of the state where the federal court is sitting, but rather must simply show that the adverse party's conduct was fraudulent under this general common law understanding. *Id.*

The new information that has been uncovered has established that the following non-exhaustive list of misrepresentations or deliberate omissions have been made by Defendants:

- In the House Defendants' Brief in Support of Motion to Dismiss, on several occasions they reference the alleged "conclusory" nature of Gamrat's allegations linking the House Defendants to Allard, Graham, and Cline and their wiretapping and stalking activities. The new evidence has established that the House Defendants received information from Cline, Allard, and Graham; the staffers were worried about the House Defendants "whitewashing" the information; and that there were more meetings between the staffers and Cotter's office than were previously known. House Defendants neglected to inform this Court of this in their prior brief;

- The evidence and testimony shows that Allard, Graham, and Cline were experienced political insiders, not the young and naïve staffers portrayed in Allard and Graham's Brief in Support of Motion to Dismiss. They did not inform this Court of that fact;

- Allard and Graham omitted from their brief any mention of their recording and surveillance activities, which were confirmed in the newly-discovered documents; and

- Allard and Graham omitted from their brief the fact that they received information from bugs planted to record Gamrat.

As a result of these omissions of material information and apparent misrepresentations—of which there are more than space allows in this brief—Gamrat is entitled to the requested relief.

IV. **Gamrat is entitled to relief because the extraordinary circumstances in this case and the sheer amount of information that she has uncovered supporting her claims warrant relief based on substantial justice.**

Relief under Rule 60(b)(6) is available only in cases of "extraordinary circumstances" not addressed by the first five numbered clauses of Rule 60(b). *Davis*, 912 F.2d at 136; *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). Rule 60(b)(6) authorizes vacation of a judgement or order if a court determines, in its sound discretion, that substantial justice would be served if relief were granted. *Cincinnati Ins. Co.*, 151 F.3d at 578. The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts. *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013).

Gamrat acknowledges now, as she did in prior briefing, that the facts of this case appear, at first blush, to be ripped right from a made for TV movie. However, the extraordinary nature of this case and the extraordinary amount of information that Gamrat has been able to uncover—as

9

well as the scores of other information to which she does not currently have access, as demonstrated by Courser's recent filings—should justify the relief sought in the interests of substantial justice. What happened to Gamrat at the hands of Defendants was wrong, and the new information has lent great support to her legal causes of action seeking redress for those wrongs. Gamrat has been saying from the beginning that further discovery is necessary to fully develop her claims, even though they were pleaded as specifically and in as much detail as the evidence would allow at that time. It is her hope that this newly-discovered information demonstrates to this Court that her claims were not simply based on speculation, but instead on mountains of evidence. In the interests of justice, Gamrat respectfully requests that this Court grant her requested relief.

**Conclusion**

For the reasons set forth in detail above, Gamrat respectfully requests that this Court grant this motion. Specifically, in light of this newly-discovered evidence, Gamrat requests that this Court vacate its judgment in part and allow her to re-assert the following claims that were previously dismissed against Defendants Keith Allard; Benjamin Graham; Kevin G. Cotter; Brock Swartzle; and Norm Saari:

- Count V: Violation of Federal Wiretapping Act and Michigan's Eavesdropping Statute;
- Count VI: Civil Stalking under MCL 600.2954; and
- Count X: Civil Conspiracy.

Gamrat further requests that this Court 1) grant her Motion for Leave to File Second Amended Complaint, which includes a proposed Second Amended Complaint incorporating the above request and the newly-discovered evidence; 2) deny Defendant Cline's Motion to Dismiss the Amended Complaint in its entirety; and 3) grant Gamrat any other relief that this Court deems fair and proper.

Respectfully Submitted,

SCHENK, BONCHER & RYPMA
Attorneys for Plaintiff

Dated: January 14, 2019          By:      /s/ Tyler E. Osburn
                                       Tyler E. Osburn (P77829)

s:\clients\gamrat - bauer\usdc   16-1094\motion for relief from judgment.docx

11